UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARTHA WALTHER, *as representatives of a class of similarly situated persons, and on behalf of* The 80/20 Inc. Employee Stock Ownership Plan, *et al.*,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>JOHN WOOD, *et al.*,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)　Case No. 1:23-cv-00294-GSL-SLC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

On September 27, 2024, Defendant John Wood filed a motion to amend his answer to Plaintiffs' second amended complaint (ECF 123; *see* ECF 67), together with a proposed amended answer (ECF 123-1) and exhibits (ECF 123-2 to 123-4), seeking to amend his answer to add an affirmative defense. In the motion, Wood states that "discovery has revealed information that Mr. Wood had not retained and of which Mr. Wood's counsel had not been aware" by the deadline for Wood to seek leave to amend his pleadings. (ECF 123 ¶ 6). This information is that "effective February 1, 2020, Mr. Wood recused himself as a member of the Board of 80/20, Inc. for all matters related to a transaction between or among 80/20, Inc.[,] the 80/20 ESOP Trustee, the 80/20 Foundation Trust, and the Estate of Don Wood" ("the recusal letter"). (*Id.*; *see* ECF 123-2).

Plaintiffs filed a response in opposition to the motion, together with an affidavit and supporting evidence, asserting that the motion should be denied as untimely and futile. (ECF 127, 128). Wood timely filed a reply brief (ECF 131), and thus, the motion is now ripe for ruling.

*A. Applicable Law*

A party seeking to amend a pleading after the date specified in a scheduling order must show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b)(4). *Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011) (collecting cases). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted).

Under Federal Rule of Civil Procedure 15(a)(2), a party must seek the Court's leave or the written consent of the opposing party when the moving party can no longer amend the pleadings as a matter of right. Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave [to amend] when justice so requires," *id.*, and "the decision as to whether to grant a motion to amend a [pleading] is entrusted to the sound discretion of the trial court," *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978) (citations omitted). "Courts are to use their discretion under Rule 15(a) to liberally grant permission to amend pleadings so long as there is not undue prejudice to the opposing party or undue delay, bad faith[,] or dilatory motive on the part of the movant." *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007) (citations omitted). However, "[d]elay on its own is usually not reason enough for a court to deny a motion to amend." *Soltys v. Costello*, 520 F.3d 7373, 743 (7th Cir. 2008) (citations omitted). "But the longer the delay, the greater the presumption against granting leave to amend." *Id.* (citation and quotation marks omitted).

*B. Untimeliness*

Woods's deadline to seek leave of Court to amend his pleadings passed on April 1, 2024. (ECF 29). Thus, his motion to amend is untimely. In an effort to show good cause, Woods asserts that the recusal letter "was produced for the first time in this case by Barnes & Thornburg

2

on June 11, 2024¦ over two months after the deadline to amend pleadings—in response to Plaintiffs' April 19, 2024 document subpoena." (ECF 123 ¶ 12). Wood states that prior to then, he had not recalled signing the recusal letter. (*Id.*). Woods asserts that he did not file the motion in bad faith and that allowing the amendment now will not cause Plaintiffs undue prejudice or delay. (*Id.* ¶ 20).

Plaintiffs respond that Woods mispresents the facts relevant to the motion. (ECF 127 at 1). Plaintiffs state that Defendant Brian Eagle first produced the recusal letter in discovery on January 31, 2024, two months *before* Woods's deadline to seek amendments to the pleadings. (*Id.* ¶ 2). As such, Plaintiffs contend that Woods has failed to show that he acted diligently in seeking the amendment. *See Trustmark Ins. Co.*, 424 F.3d at 553. In his reply brief, Woods does not dispute Plaintiffs' corrected timeline but emphasizes that regardless, he first learned about the recusal letter through discovery, did not recall signing the recusal letter four years earlier, and did not have access to a copy of the recusal letter until it was produced by Defendants in discovery. (ECF 131 at 1-2). Woods further argues that it is still early in the case as he is the only Defendant who has filed an answer to date, and that Plaintiffs will not suffer any undue prejudice by the amendment. (*Id.* at 1, 3).

As stated earlier, "[d]elay on its own is usually not reason enough for a court to deny a motion to amend." *Soltys*, 520 F.3d at 743 (citations omitted). There is no dispute that Woods and his counsel first learned of the recusal letter during the fact discovery process, which commenced in September 2023 and extends to January 2025. (*See* ECF 29, 104). While apparently Woods was incorrect when stating that the recusal letter was first produced in June 2024, when it was actually first produced in January 2024, the Court does not find the additional five months delay to be preclusive of the amendment in this instance. *See Latitude Serv. Co. v.*

*Reese*, No. 3:21-cv-728-JD-MGG, 2023 WL 3563625, at *19 (N.D. Ind. Mar. 6, 2023) ("Newly discovered information can provide the basis for a party to seek leave to amend its pleadings." (citation omitted)); *Taylor v. Marion Cnty. Sheriff's Dep't*, No. 1:18-cv-02114-TAB-JRS, 2019 WL 2869679, at 82 (S.D. Ind. July 3, 2019) ("[A]llowing an amendment based on information that was clarified during the course of discovery is well within the bounds of Rule 15's standard."). Material to the Court's conclusion is the apparent lack of prejudice to Plaintiffs if the amendment is allowed. Under the circumstances presented, the Court will not deny the motion to amend solely due to its untimeliness.

### C. Futility

Plaintiffs further claim that Woods's motion to amend should be denied because the amendment is futile. Specifically, Plaintiffs contend that "courts have consistently rejected 'recusal' as a defense to ERISA fiduciary monitoring and co-fiduciary claims." (ECF 127 at 3 (citations omitted)).

"[F]utility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the [party] to prevail on the merits." *Reardon v. Short-Elliott Hendrickson, Inc.*, No. 2:17-CV-154-JVB-PRC, 2018 WL 1603381, at *2 (N.D. Ind. Apr. 3, 2018) (citation and quotation marks omitted). That is, "[t]he court must determine whether the defendants' allegations raise the merits of the defense above a speculative level, or put differently, whether, assuming the truth of the defendants' allegations regarding the defense, it nevertheless would fail." *Mauro v. Cnty. of Macomb*, No. 16-11533, 2016 WL 6275395, at *2 (E.D. Mich. Oct. 27, 2016) (citations omitted). "Unless it is *certain* from the face of the [answer] that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend . . . ."

*Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015) (citation omitted).

Considering the futility argument at this juncture would be premature. "First, the Seventh Circuit has stated that denying a motion for leave to amend is generally disfavored, especially when [parties have] not yet had an opportunity to amend their [pleadings]." *Chen v. Yellen*, No. 3:20-CV-50458, 2021 WL 5005373, at *2 (N.D. Ill. Oct. 28, 2021) (citing *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010)). "In light of the presumption in favor of giving [parties] at least one opportunity to amend, denying a [party] that opportunity carries a high risk of being deemed an abuse of discretion." *Runnion ex rel. Runnion*, 786 F.3d at 518 (citing *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1024 (7th Cir. 2013)). "Given that [Woods has] not yet filed any amended [answer], the Court finds it proper to give [him] that opportunity." *Chen*, 2021 WL 5005373, at *2.

Second, a futility analysis would be premature because it would be better addressed in a dispositive motion. "[C]ourts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Bentley v. Ariz. Dep't of Child Safety*, No. CV-17-00966-PHX-DJH, 2018 WL 8262769, at *1 (D. Ariz. Nov. 7, 2018) (collecting cases). Here, Woods's argument on recusal as a defense to ERISA fiduciary monitoring and co-fiduciary claims, "even if merited, remain[s] better left for full briefing on a [dispositive motion]." *Id.* at *2 (collecting cases); *see Chen*, 2021 WL 5005373, at *3 ("[C]ourts around the country have found that futility arguments made in opposition to the filing of an amended [pleading] are often better suited for consideration in the context of a [dispositive] motion . . . ." (quotation marks omitted) (collecting cases)). Thus, Plaintiffs' futility arguments would be "more appropriately raised in a [dispositive] motion . . .

5

when they can be addressed in a more concise manner." *Carteaux v. Town of Rome City*, No. 1:22-cv-00445-HAB-SLC, 2023 WL 2366964, at *2 (N.D. Ind. Mar. 6, 2023) (alteration in original) (citation and quotation marks omitted). As a result, the Court will not deny the motion to amend based on futility, finding the argument premature.

### D. Conclusion

For the foregoing reasons, Woods's motion to amend answer (ECF 123) is GRANTED. Woods is AFFORDED to and including October 18, 2024, to file his amended answer (ECF 123-1) and exhibits (ECF 123-2 to ECF 123-4).

SO ORDERED.

Entered this 11th day of October 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge