UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARTHA WALTHER, *as representatives of a class of similarly situated persons, and on behalf of* The 80/20 Inc. Employee Stock Ownership Plan, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN WOOD, *et al.*, <br><br> Defendants. | Cause No. 1:23-cv-00294-GSL-SLC |

## OPINION AND ORDER

On September 20, 2024, Plaintiffs filed a motion to seal certain materials submitted in support of their motion for class certification (ECF 108) pursuant to the Court's Order dated November 16, 2023, approving and adopting the parties' proposed joint stipulated protective order (the "Protective Order") (ECF 45, 46). On October 4, 2024, dismissed defendants MPE Partners II, L.P., MPE Partners III, L.P., Pareto Efficient Solutions, LLC, Patrick Buesching, Patrice Mauk, and Rodney Strack (together, the "Dismissed Defendants") filed a response to Plaintiffs' motion to seal. (ECF 129). Plaintiffs did not file a reply to the motion, and their time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3).

In the Protective Order, the Court made clear that the Protective Order was limited to the discovery period and the parties were not authorized to file or maintain any document under seal absent an authorizing statute, court rule, or further leave of court. (ECF 46 at 1).[1] Now, Plaintiffs

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). "There is a difference between a protective order issued for purposes of discovery only and one issued for purposes of sealing documents filed with the Court." *Id*. "Portions of discovery may be conducted in private to expedite disclosure. Much of what passes between the parties remains out of public

seek leave to maintain Exhibits 7-10, 14, 21, 27-28, 30, 32, 35, 38, 44, and 47-49 to their motion for class certification under seal for the reason that Defendants designated these materials as "Confidential" under the Protective Order. (ECF 108 ¶ 4). Further, Plaintiffs seek leave to maintain Exhibits 4-6, 11-13, 15-18, 22-26, 29, 31, 33-34, 36-37, 39-43, and 46 under seal because these materials were produced by third parties in response to subpoenas, and such third parties designated them as "Confidential" under the Protective Order. (*Id.* ¶ 6).[2] Additionally, Plaintiffs request that the Court maintain Plaintiffs' memorandum in support of their motion for class certification (ECF 110) and the preliminary expert report of Dana Messina (ECF 121) under seal in their entirety because both "quote from and summarize documents designated as Confidential by Defendants and third parties . . . ." (ECF 108 ¶ 8).

In their response brief (which the Dismissed Defendants filed under seal without leave of Court), the Dismissed Defendants slightly narrow the list of exhibits to be maintained under seal as follows: Exhibits 7-8, 14, 16-17, 21, 25-26, 29, 31, 33-43, and 46-49. (ECF 129 at 1). In support of sealing these exhibits, the Dismissed Defendants argue that after Plaintiffs filed their motion for class certification, the Court "dismissed virtually all of the pending claims, including every claim against Dismissed Defendants" without any consideration of the materials filed for class certification. (*Id.* at 2; *see* ECF 125). The Dismissed Defendants further contend that the exhibits they seek to seal do not relate to any of the pending claims against the remaining two

---

sight because discovery materials are not filed with the court. But most portions of discovery that are filed and form the basis of judicial action must eventually be released . . . ." *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (citation omitted).

[2] Plaintiffs add that they contacted the producing parties and requested they supply any information they wished to convey to the Court regarding the reasons why particular documents meet the legal standard for sealing, but Plaintiffs did not receive any response. (*Id.* ¶ 7).

2

Defendants. (ECF 129 at 2). As such, the Dismissed Defendants contend that the exhibits should remain under seal because they are not material to any Court ruling and do not form the basis of any remaining claims in this case. (*Id.*).

The Dismissed Defendants further argue that "additional good cause" exists to seal Exhibits 35, 38, 40, and 47-49 in particular. (*Id.* at 2-3). The Dismissed Defendants describe each of these exhibits in greater detail—a "confidential pitch" for a prospective purchase, detailed financial information, company valuation, a legal due diligence report related to a shares purchase, and potential equity incentive awards—and explain how the Dismissed Defendants could be harmed competitively if these exhibits are unsealed. (*Id.* at 3-5). The Dismissed Defendants also indicate that they agree with Plaintiffs' request to file their "certification papers" under seal or in redacted form because the papers quote from, summarize, or refer to documents that the Dismissed Defendants seek to maintain under seal. (*Id.* at 5).

Having duly considered Plaintiffs' motion to seal and the Dismissed Defendants' response, the Court will grant the motion to seal in part and deny it in part. Given the Dismissed Defendants' assertion that their narrowed list of exhibits are not material to any Court decision and do not form the basis of the remaining claims in this case, the Court will provisionally seal these exhibits. However, should any sealed exhibits become material to any Court ruling, the sealing of the exhibits may be revisited by the Court *sua sponte*. *Goesel v. Boley Int'l (H.K.) LTD.*, 738 F.3d 831, 833 (7th Cir. Dec. 26, 2013) ("Documents that affect the disposition of federal litigation are presumptively open to public view.").

Plaintiffs' and the Dismissed Defendants' request to maintain Plaintiffs' memorandum in support of motion for class certification (ECF 110) under seal in their entirety is not well taken.

(ECF 108 ¶ 8; ECF 129 at 5). In a cursory review of the memorandum, it is readily apparent that most, if not all, of the brief should be unsealed. *See Union Oil Co.*, 220 F.3d at 568 ("When [people] call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . . ." (citations omitted)). Likewise, it is not apparent why the Dismissed Defendants filed their response brief (ECF 129) to Plaintiffs' motion to seal entirely under seal. Consequently, Plaintiffs and the Dismissed Defendants will each be ordered to re-file these documents on the public record with only minimal redactions. The Court will, however, provisionally maintain Plaintiff's preliminary expert report of Dana D. Messina (ECF 121) under seal, though it may ultimately be unsealed in whole or in part if it becomes material to the Court's ruling on Plaintiffs' motion for class certification.

In sum, Plaintiffs' motion to seal materials submitted in support of motion for class certification (ECF 108) is GRANTED IN PART and DENIED IN PART, as follows:

(a) Exhibits 7-8, 14, 16-17, 21, 25-26, 29, 31, 33-43, and 46-49 to Plaintiffs' motion for class certification shall REMAIN UNDER SEAL. (ECF 112-3, 112-4, 112-10, 112-12, 112-13, 112-15, 112-19, 112-20, 112-23, 112-25, 112-27 to 112-37, and 112-39 to 112-42);

(b) The Preliminary Expert Report of Dana D. Messina (ECF 121) shall REMAIN UNDER SEAL,

(c) The Court DIRECTS the clerk to UNSEAL Exhibits 5-6, 9-13, 15, 18, 22-24, 27-28, 30, 32, and 44 to Plaintiffs' motion for class certification. (ECF 112-1, 112-2, 112-5 to 112-9, 112-11, 112-14, 112-16 to 112-18, 112-21, 112-22, 112-24, 112-26, 112-38);

(d) Plaintiffs are ORDERED to file Exhibit 4 to their motion for class certification, which is missing from the record (*see* ECF 111, 112), on or before November 5, 2024;

(e) Plaintiffs are ORDERED to file their memorandum in support of motion for class

4

    certification (ECF 110) with only MINIMAL REDACTIONS on or before November 5, 2024; and

(f)    Dismissed Defendants MPE Partners II, L.P., MPE Partners III, L.P., Pareto Efficient Solutions, LLC, Patrick Buesching, Patrice Mauk, and Rodney Strack are ORDERED to file their response brief (ECF 129) to Plaintiffs' motion to seal with only MINIMAL REDACTIONS on or before November 5, 2024.

SO ORDERED.

Entered this 22nd day of October 2024.

                                            /s/ Susan Collins
                                            Susan Collins
                                            United States Magistrate Judge